### PROSECUTION FOR VIOLATION OF DRY CLEANING ORDINANCE.

Common Pleas Court of Hamilton County.

CLARA MILDNER AND BENEDICT KEETI v. THE CITY OF CINCINNATI.

Decided, April, 1909.

*Municipal Corporations—Power of, to Regulate the Business of Dry Cleaning—Not Restricted by Authority Conferred on State Fire Marshal—Sections 409-54 and 1536-100, par. 3.*

The power of a municipality to prescribe by ordinance the conditions under which the business of dry cleaning is to be carried on within the municipal limits is not restricted by the provision of Section 409-54, conferring on the state fire marshal certain powers in regard to buildings which may be inflammable.

*David Davis,* for plaintiffs in error.
*Albert H. Morrill,* Assistant City Solicitor, contra.

HUNT, J.

The plaintiffs in error were convicted in the police court for violation of what is known as the dry cleaning ordinance, passed December 30, 1907. A petition in error has been filed in this court to reverse the judgment of the police court. The only question submitted to this court is whether or not an ordinance prescribing conditions under which said business is to be carried on is within the powers of the municipality, and whether such powers, if any, are restricted by the provisions of the Revised Statutes, giving certain powers to the State Fire Marshal in regard to buildings whose conditions might be inflammable.

In the argument no claim was made that the dry cleaning business might not be so conducted as to involve danger or annoyance to surrounding property or danger to life, not only to those engaged in such business, but to other persons in the neighborhood.

Section 7, par. 3 of the municipal code authorizes the municipality by ordinance, "to prevent injury and annoyance from anything dangerous, offensive or unwholesome," and par. 11, "to regulate the transportation, keeping and sale of gunpowder or other explosives and dangerous combustibles and other materials."

The ordinance in question comes clearly within the provision of such section.

Section 409-54, Revised Statutes, authorizes the State Fire Marshal, the chief of the fire department, and the mayor where there is no fire department, and the clerks of each township outside of cities and villages upon complaint, to make reasonable examination of buildings, and when the conditions of such buildings are found to be inflammable and dangerous, to order such conditions to be remedied, and provides for an appeal to the State Marshal as to any such finding; and further provides a penalty for failure to comply with the orders of such authorities, but does not expressly authorize the creation or continuance of any specific or general conditions.

Such statute is, therefore, not inconsistent with the power given to the municipal corporation, nor is the exercise of the power expressly given to the municipal corporation inconsistent

with the statute referred to. Both the ordinance and the statute can be enforced without conflict. *Walter* v. *The Village of Bowling Green*, 5 C. C.—N. S., 516; *Hayes* v. *The Village of St. Mary's*, 55 Ohio State, 197.

The ordinance in question is therefore a valid ordinance and the judgment of the police court is affirmed.